IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2071-FL

| | | |
|---|---|---|
| JAMES M. WOMBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH B. HALL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion to dismiss (DE # 5) pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner responded. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On September 8, 2008, petitioner pleaded guilty in the Wake County Superior Court to two counts of financial transaction card theft, breaking and entering a motor vehicle, and habitual felon status. Respt's Ex. 1, p. 3. Petitioner then was sentenced to a consolidated term of one hundred seven (107) to one hundred thirty-eight (138) months imprisonment. Id.

On January 15, 2011, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Wake County Superior Court, which was denied on February 9, 2011. Id. Exs. 3 and 4. On February 17, 2011, petitioner filed, in the North Carolina Court of Appeals, a *pro se* appeal of the superior court's order denying his MAR. Id. Ex. 5. The court of appeals dismissed petitioner's appeal on March 1, 2011. Id. Ex. 6. On March 7, 2011, petitioner filed a *pro se* motion seeking review of the

court of appeals' denial of his MAR in the North Carolina Supreme Court, which was dismissed on April 7, 2011. Id. Ex. 7.

On April 18, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is innocent of being a habitual felon. On June 23, 2011, respondent filed a motion to dismiss, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Petitioner then filed a response to respondent's motion.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129

2

S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner pleaded guilty and judgment was entered on September 8, 2008. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C. R. of App. P. 4(a). Petitioner did not file an appeal. As a result, petitioner's one-year statutory period began to run on September 22, 2008, and ran for three hundred sixty-five (365) days until it expired on September 22, 2009.[1] Petitioner did not file this action until April 18, 2011, after the expiration of the one year statute of limitations period.

Petitioner argues that he may proceed with his action because he is actually innocent of being a habitual felon. In order to establish actual innocence sufficient to excuse a procedural default, a

---

[1] Petitioner's February 17, 2011 *pro se* MAR does not operate to toll the statute of limitations period because it was filed after the expiration of the statutory period. See McMillan v. Jarvis, 332 F.3d 244, 247 (4th Cir. 2003); Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000) (stating no tolling where statute of limitations expired before the pursuit of collateral review commenced); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006).

petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998); Buckner v. Polk, 453 F.3d 195, 199-200 (4th Cir. 2006) ("Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence); Souter v. Jones, 395 F.3d 577, 589, 597 (6th Cir. 2005) (recognizing disagreement among the courts of appeals but noting the majority of the circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims).

First, petitioner did not diligently pursue his actual innocence claim as demonstrated by the fact that he did not raise it until after the expiration of the period of limitations. Second, petitioner has not demonstrated that it is more likely than not that no reasonable juror would have convicted him in light of new evidence. Bousley, 523 U.S. at 623; Buckner, 453 F.3d at 199-200. Finally, petitioner's claim is meritless. Although being a habitual felon is a status and not a crime, North Carolina law provides that an individual still may be indicted as a habitual felon and receive an enhanced sentence for subsequent crimes. See Pearson v. Hathaway, No. 1:07CV576, 2007 WL 3544688, *4 (M.D.N.C.) (citing State v. Patton, 342 N.C. 633, 635 (1996)). Based upon the foregoing, petitioner's actual innocence claim is without merit, and the action is time-barred.

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

dismissal of the petition, the court considers whether petitioner nonetheless is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

5

Case 5:11-hc-02071-FL   Document 9   Filed 01/27/12   Page 5 of 6

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 5) is GRANTED. The Clerk of Court is DIRECTED to close this case. The certificate of appealability is DENIED.

SO ORDERED, this the 27th day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge